UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

ANGEL RODRIGUEZ FUENTES, NOEL ) 
RODRIGUEZ PENA BAEZ, ZAYDA )
MAIBEL GONZALEZ RODRIGUEZ, )
ALEXIS RODRIGUEZ FUENTES, and all )
others similarly situated under 29 U.S.C. )
216(b), )
 )
            Plaintiffs, )
  vs. )
 )
SECURITY FOREVER LLC, )
LUIS LLANES, )
JUAN AWAIS, )
DAYSI MORELL, )
 )
           Defendants. )
_____)

**COMPLAINT UNDER 29 U.S.C. 201- 216 OVERTIME WAGE VIOLATIONS**

Plaintiffs, ANGEL RODRIGUEZ FUENTES, NOEL RODRIGUEZ PENA BAEZ, ZAYDA MAIBEL GONZALEZ RODRIGUEZ, and ALEXIS RODRIGUEZ FUENTES, on behalf of themselves and all others similarly situated under 29 U.S.C. 216(b), through undersigned counsel, files this Complaint against Defendants, SECURITY FOREVER LLC, LUIS LLANES, JUAN AWAIS, and DAYSI MORELL, and alleges:

1. This is an action arising under the Fair Labor Standards Act 29 U.S.C. §§ 201-216.

2. The Plaintiffs were residents of Dade County, Florida at the time that this dispute arose.

3. The Defendant SECURITY FOREVER LLC is a corporation that regularly transacts business within Dade County. Upon information and belief, the Defendant Corporation was the FLSA employer for Plaintiffs' respective period of employment ("the relevant time period").

4. The individual Defendant LUIS LLANES is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

5. The individual Defendant JUAN AWAIS is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

6. The individual Defendant DAYSI MORELL is a corporate officer and/or owner and/or manager of the Defendant Corporation who ran the day-to-day operations of the Corporate Defendant for the relevant time period and was responsible for paying Plaintiffs' wages for the relevant time period and controlled Plaintiffs' work and schedule and was therefore Plaintiffs' employer as defined by 29 U.S.C. 203 (d).

7. All acts or omissions giving rise to this dispute took place in Dade County.

### COUNT I. FEDERAL OVERTIME WAGE VIOLATION

8. This action arises under the laws of the United States.  This case is brought as a collective action under 29 USC 216(b). It is believed that the Defendants have employed several other similarly situated employees like Plaintiffs who have not been paid overtime and/or minimum wages for work performed in excess of 40 hours weekly from the filing of this complaint back three years.

9. This Court has jurisdiction pursuant to 28 U.S.C. § 1331 as this case is brought pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement).

10. 29 U.S.C. § 207 (a) (1) states, "Except as otherwise provided in this section, no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

11. Plaintiff ANGEL RODRIGUEZ FUENTES worked for Defendants as a security guard from on or about December 2011 through present and ongoing.

12. Plaintiff NOEL RODRIGUEZ PENA BAEZ worked for Defendants as a security guard from on or about June 2012 through on or about June 2015.

13. Plaintiff ZAYDA MAIBEL GONZALEZ RODRIGUEZ worked for Defendants as a security guard from on or about April 26, 2012 through present and ongoing.

14. Plaintiff ALEXIS RODRIGUEZ FUENTES worked for Defendants as a security guard from on or about April 14, 2011 through present and ongoing.

15. Defendant's business activities involve those to which the Fair Labor Standards Act applies. Both the Defendant's business and the Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period. Plaintiffs' work for the Defendants affected interstate commerce for the relevant time period because the materials and goods that Plaintiffs used on a constant and/or continual basis and/or that were supplied to him by the Defendants to use on the job moved through interstate commerce prior to and/or subsequent to Plaintiffs' use of

the same. The Plaintiff's work for the Defendants was actually in and/or so closely related to the movement of commerce while he worked for the Defendants that the Fair Labor Standards Act applies to Plaintiffs' work for the Defendants.

16. Additionally, Defendants regularly employed two or more employees for the relevant time period who handled goods or materials that travelled through interstate commerce, or used instrumentalities of interstate commerce, thus making Defendant's business an enterprise covered under the Fair Labor Standards Act.

17. Upon information and belief, the Defendant Corporation had gross sales or business done in excess of $500,000 annually for the years 2012, 2013, 2014, and 2015.

18. Upon information and belief, the Defendant Corporation's gross sales or business done is expected to exceed $500,000 for the year 2016.

19. Between the period of on or about December 2011 through present and ongoing, Plaintiff ANGEL RODRIGUEZ FUENTES worked an average of 55 hours a week for Defendants and was paid an average of $8.05 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

20. Between the period of on or about June 2012 through on or about June 2015, Plaintiff NOEL RODRIGUEZ PENA BAEZ worked an average of 55 hours a week for Defendants and was paid an average of $8.05 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

21. Between the period of on or about April 26, 2012 through present and ongoing, Plaintiff ZAYDA MAIBEL GONZALEZ RODRIGUEZ worked an average of 55 hours a week for

Defendants and was paid an average of $8.05 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

22. Between the period of on or about April 14, 2011 through present and ongoing, Plaintiff ALEXIS RODRIGUEZ FUENTES worked an average of 55 hours a week for Defendants and was paid an average of $8.05 per hour but was never paid the extra half time rate for any hours worked over 40 hours in a week as required by the Fair Labor Standards Act. Plaintiff therefore claims the half time overtime rate for each hour worked above 40 in a week.

23. Defendants willfully and intentionally refused to pay Plaintiffs' overtime wages as required by the Fair Labor Standards Act as Defendants knew of the overtime requirements of the Fair Labor Standards Act and recklessly failed to investigate whether Defendants' payroll practices were in accordance with the Fair Labor Standards Act. Defendants remain owing Plaintiffs these wages since the commencement of Plaintiffs' employment with Defendants for the time period specified above.

Wherefore, the Plaintiffs request double damages and reasonable attorney fees from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for all overtime wages still owing from Plaintiffs' entire employment period with Defendants or as much as allowed by the Fair Labor Standards Act along with court costs, interest, and any other relief that this Court finds reasonable under the circumstances. *The Plaintiffs request a trial by jury.*

Respectfully Submitted,

J.H. Zidell, Esq.
J.H. Zidell, P.A.
Attorney For Plaintiffs
300 71st Street, Suite 605
Miami Beach, Florida 33141
Tel: (305) 865-6766
Fax: (305) 865-7167

By:__/s/ J.H. Zidell_____
       J.H. Zidell, Esq.
    Florida Bar Number: 0010121