UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20483-CIV-RNS

ANGEL RODRIGUEZ FUENTES, et al., )
)
           Plaintiffs, )
vs. )
)
SECURITY FOREVER LLC, et al., )
)
           Defendants. )

## PLAINTIFFS' MOTION FOR LEAVE TO EXCEED THE DEPOSITION LIMIT

COME NOW the Plaintiffs, by and through undersigned counsel, and request entry of an order permitting Plaintiffs to exceed the deposition limit set forth in Rule 30(a)(2)(A) and Rule 31(a)(2)(A) of the Federal Rules of Civil Procedure of this Court and in support thereof states the following:

1. The undersigned Firm represents eleven of the twelve Plaintiffs in the instant lawsuit regarding overtime violations and retaliation.[1]

2. To date, Plaintiffs' counsel have taken seven (7) depositions including: (1) Luis Llanes, individually and as the 30(b)(6) Corporate Representative of the Corporate Defendant Security Forever, LLC; (2) Defendant Juan Awais; (3) Defendant Daysi Morell; (4) Pedro Llanes; (5) Shelley Saint-Blancard; (6) Luis Perez; and (7) Michel Iglesias.[2]

---

[1] The Court granted the undersigned Firm's Motion to Withdraw as Counsel as to Plaintiff Noel Rodriguez Pena Baez. [DE152].

[2] It is Plaintiffs' position that Plaintiffs have only conducts seven (7) depositions as Defendant Luis Llanes appeared on behalf of himself, individually, and as the 30(b)(6) Corporate Representative of the Corporate Defendant.

1

3. Defendants have not filed their Answer and Affirmative Defenses but rather have renewed their Motion to Dismiss [DE163]. Based on the continued Evidentiary Hearings and other filings in the case at bar, including the depositions of Defendants, it appears that Defendants are contesting FLSA coverage/subject-matter jurisdiction, specifically the interstate commerce prong, for the relevant years as to each Plaintiff. *See, Polycarpe et al. v. E & S Landscaping*, 616 F.3d 1217 (11th Cir. 2010).

4. Further, Defendants have provided Plaintiffs with the service contracts between Defendants and the condominiums for which Plaintiffs worked as security guards. Defendants and other witnesses who testified during Defendants' presentation of their case at the Evidentiary Hearings have testified that these contracts reflect the locations Plaintiffs worked at, the hours contacted between Defendants and the condominiums for Defendants to place security guards at, and that Defendants only pay Plaintiffs based on the terms of the contracts, not on the actual hours worked by Plaintiffs and/or the hours recorded by Plaintiffs prior to being instructed to alter and/or revise said hours on their time sheets.

5. Plaintiffs have conducted a property inspection, as permitted by the Court [DE125], of Defendants' Jeep, golf carts, and Defendants' alleged office.[3] While Plaintiffs have gained some evidence related to FLSA coverage/subject-matter jurisdiction, specifically

---

[3] The Court's Order [DE125] did not include permission to conduct a property inspection of Defendant Luis Llanes' home office although the undersigned recalls that the Court permitted same at the Hearing. The undersigned conferred with Defense Counsel, Kenia Bravo, Esq., regarding the filing of a Motion for Clarification. Ms. Bravo agreed that the Court had permitted same at the Hearing and that it was unnecessary to file said Motion as Defendants would agree to the inspection based on their recollection of the Court permitting same at the Hearing. Plaintiffs request the Court take judicial notice that the Jeep and some of the golf carts at the inspection were newly purchased and/or reconditioned. Further, Defendant Llanes' house, wherein the alleged office was, is for sale and the entire office looked as if it had been staged for sale for potential buyers. Plaintiffs intend to renew their Motion for a Property Inspection.

interstate commerce, Plaintiffs require the additional depositions regarding interstate commerce and the service contracts (i.e. Plaintiffs' hours). *See, Daniel v. Pizza Zone Italian Grill & Sports Bar, Inc.,* 2008 U.S. Dist. LEXIS 23007, *6 (M.D. Fla. 2008).

6. Potentially, if each Plaintiff in this case brought a separate overtime claim, each would be entitled to 10 depositions each, a total of 110 depositions.

7. The additional witnesses Plaintiffs wish to depose to which Defendants object are as follows: (a) the 30(b)(6) Corporate Representative depositions as fact witnesses and with the most knowledge as to the contracts and those allegations in the most recent complaint of Lago Grande; Mira Villas; The Beach Club; La Vistas at Doral; El Prado; Shoma Villas; Samari Lakes; (b) the 30(b)(6) Corporate Representative of Defendants and of Sunshine Management as facts witnesses and with the most knowledge as to the purchase of Defendants' golf carts, Jeeps, Chevy trucks, and contents of the security guard huts (i.e. walkie-talkies, batons, clip-boards, pens, paper, etc.) and where such materials and goods were manufactured, made, produced, and distributed and those allegations in the most recent complaint; (c) the 30(b)(6) Corporate Representative depositions as fact witnesses and with the most knowledge regarding where the goods and materials used in the security guard huts were purchased, manufactured, and produced and those allegations in the most recent complaint of Lago Grande; Mira Villas; The Beach Club; La Vistas at Doral; El Prado; Shoma Villas; Samari Lakes; (d) Defendants' office staff in charge of Defendants' payroll and running the Defendants' office with the most knowledge of Defendants' payroll and regarding where the goods and materials used in the security guard huts were purchased, manufactured, and produced and those

allegations in the most recent complaint; and (e) Defendants' accountant, Domingot Viera, *duces tecum*.

8. Plaintiffs wish to take at least fourteen (14) more depositions.[4]

9. The discovery period in this cause ends on 2/1/17.[5] [DE131].

10. Therefore, Plaintiffs respectfully request the Court to enter an order-permitting Plaintiffs to exceed the deposition limit set forth in Rule 30(a)(2)(A).

## **MEMORANDUM OF LAW**

Rule 30(a)(2)(A) provides that leave shall be granted to the extent consistent with Rule 26(b)(2). None of the basis identified in Rule 26(b)(2) for limiting discovery are applicable here. To the contrary, the importance of the proposed discovery in resolving the issues at stake in this case outweigh any minimal burden imposed on Defendants in allowing Plaintiffs to conduct in excess of ten depositions. When a party seeks leave to take more than ten depositions as limited by Fed. R. Civ. P. 30(a)(2)(A), the Court's decision whether to grant such a request is governed by the principles set out in Rule 26(b)(2):

> The frequency or extent of use of the discovery methods otherwise permitted under these rules and by any local rule shall be limited by the court if it determines that: (i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking in to account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed. R. Civ. P. 26(b)(2); *Mazur v. Lampert*, 2007 U.S. Dist. LEXIS 13934 (D. Fla. 2007).

---

[4] Plaintiffs are entitled to take three (3) more depositions before reaching ten (10).

[5] Much of the discovery period was burned up by the Court's Order Staying this matter [DE150], which did not enlarge discovery.

4

Plaintiffs are not in violation of Fed. R. Civ. P. 30(a)(2)(A) as each Plaintiff should be entitled to take ten depositions. Nevertheless, if the Court finds that Plaintiffs are not entitled to ten depositions per a Plaintiff under Fed. R. Civ. P. 30(a)(2)(A), then Plaintiffs assert that the taking of an additional fifteen (15) more depositions is not unreasonably cumulative or duplicative and such information is not obtainable from some other source that is more convenient.

WHEREFORE PLAINTIFFS RESPECTFULLY REQUEST ENTRY OF AN ORDER PERMITTING PLAINTIFFS TO EXCEED THE DEPOSITION LIMIT SET FORTH IN RULE 30(a)(2)(A).

### CERTIFICATE OF CONFERRAL

Defendants oppose this Motion and the relief sought herein.

Respectfully submitted,

J. H. ZIDELL, P.A.
ATTORNEYS FOR PLAINTIFF
300-71ST STREET, SUITE 605
MIAMI BEACH, FLORIDA 33141
305-865-6766
305-865-7167

By:_s/ Rivkah F. Jaff, Esq. ___
　　 Rivkah F. Jaff, Esquire
　　 Florida Bar No.: 107511

### CERTIFICATE OF SERVICE

**I HEREBY CERTIFY THAT A TRUE AND CORRECT COPY OF THE FOREGOING WAS PROVIDED VIA CM/ECF ON 12/27/16 TO:**

**AVELINO JOSE GONZALEZ, ESQ.
6780 CORAL WAY
MIAMI, FL 33155
PH: 305-668-3535**

**FAX: 305-668-3545**
**EMAIL: AVELINOGONZALEZ@BELLSOUTH.NET**

**KENIA BRAVO, ESQ.**
**AVELINO J. GONZALEZ, P.A.**
**6780 CORAL WAY**
**MIAMI, FL 33155**
**PH: 305-668-3535**
**FAX: 305-668-3545**
**EMAIL: AVELINOGONZALEZ2@BELLSOUTH.NET**

BY:_____/s/ Rivkah F. Jaff_____
         **RIVKAH F. JAFF, ESQ.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 16-20483-CIV-RNS

ANGEL RODRIGUEZ FUENTES, et al.,

        Plaintiffs,

vs.

SECURITY FOREVER LLC, et al.,

        Defendants.
_____

## ORDER GRANTING PLAINTIFFS' MOTION FOR LEAVE TO EXCEED THE DEPOSITION LIMIT

This cause, having come before the Court on the above-described motion, and the Court being duly advised in the premises, it is ORDERED AND ADJUDGED that said motion is granted as follows:

PLAINTIFFS SHALL EXCEED THE DEPOSITION LIMIT SET FORTH IN RULE 30(a)(2)(A) AND MAY TAKE THE DEPOSITIONS OF:

- the 30(b)(6) Corporate Representative as fact witnesses and with the most knowledge as to the contracts and those allegations in the most recent complaint of: (a) Lago Grande;

  (b) Mira Villas;

  (c) The Beach Club;

  (d) La Vistas at Doral;

  (e) El Prado;

  (f) Shoma Villas;

  (g) Samari Lakes

- the 30(b)(6) Corporate Representative as facts witnesses and with the most knowledge as to the purchase of Defendants' golf carts, Jeeps, Chevy trucks, and contents of the

security guard huts (i.e. walkie-talkies, batons, clip-boards, pens, paper, etc.) and where such materials and goods were manufactured, made, produced, and distributed and those allegations in the most recent complaint of:

(a) Defendants; and

(b) Sunshine Management

- the 30(b)(6) Corporate Representative depositions as fact witnesses and with the most knowledge regarding where the goods and materials used in the security guard huts were purchased, manufactured, and produced and those allegations in the most recent complaint of:

(a) Lago Grande;

(b) Mira Villas;

(c) The Beach Club;

(d) La Vistas at Doral;

(e) El Prado;

(f) Shoma Villas;

(g) Samari Lakes

- Defendants' office staff in charge of Defendants' payroll and running the Defendants' office with the most knowledge of Defendants' payroll and regarding where the goods and materials used in the security guard huts were purchased, manufactured, and produced and those allegations in the most recent complaint; and

- Defendants' accountant, Domingot Viera, *duces tecum*.

DONE AND ORDERED in chambers in Miami, Florida, on this _____ day of _____, 2016.

                                                                                                9

_____
ROBERT N. SCOLA, JR.
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record