United States District Court
for the
Southern District of Florida

| | | |
|---|---|---|
| Angel Rodriguez Fuentes, and others, Plaintiffs | ) ) ) | |
| v. | ) ) | Civil Action No. 16-20483-Civ-Scola |
| Security Forever LLC, Luis Llanes, Juan Awais, Daysi Morell, Defendants. | ) ) ) | |

## Order Compelling Arbitration, Staying Case, and Adopting Report and Recommendations

Defendants Security Forever LLC, Luis Llanes, Juan Awais, and Daysi Morell (collectively "Security Forever") filed a motion to compel arbitration (ECF No. 197) which the Court referred to United States Magistrate Judge Alicia M. Otazo-Reyes (ECF No. 206). Thereafter, Judge Otazo-Reyes recused herself from this case which was reassigned to United States Magistrate Judge Chris M. McAliley. (Order of Recusal, ECF No. 211.) Judge McAliley issued a report and recommendations, recommending that the Court grant the motion to compel. The Plaintiffs, eight former or present Security Forever employees (collectively the "Employees"), objected to the report (ECF No. 227), to which Security Forever responded (ECF No. 228). The Employees thereafter filed a reply (ECF No. 229), which Security Forever has moved to strike (ECF No. 230). For the reasons that follow, the Court finds Judge McAliley's report cogent and persuasive and **adopts** her recommendation to compel arbitration (**ECF No. 226**). The Court also **grants** Security Forever's motion to strike the Employees' reply to its objection response (**ECF No. 230**).

### 1. Procedural Background

This Fair Labor Standards Act case was initiated in February 2016. Although over 200 entries appear on the docket, little to no progress has been made on the actual merits of the case. Despite the passage of time, this case remains in its infancy. It was not until May 2016 that the operative fourth-amended complaint was before the Court. Furthermore, while Security Forever has filed a motion to dismiss that complaint, no answer has yet been filed. The case has also been stayed for several months for various reasons. The parties have spent most of their active time in this case ensnared in hotly contested discovery disputes and competing sanctions motions. In fact, Judge Otazo-Reyes heard testimony from nineteen witnesses, over the course of five full days, between June 2 and July 12, 2016, on the parties' respective sanctions

motions. The hearing was continued until August 18, 2016 but then later canceled due to defense counsel's medical problems. Thereafter, those same health concerns prompted the Court to stay the action from early September until mid-December 2016.

Once the case was reopened, the parties renewed their sanctions motions. However, before Judge Otazo-Reyes completed the evidentiary hearings, she recused herself from the case and the matter, including the pending motion to compel arbitration, was transferred to Judge McAliley. While the motion to compel arbitration was awaiting Judge McAliley's resolution, the Court stayed its consideration of the remaining pending motions in the case.

### 2. Summary of Report and Recommendations

Security Forever filed its motion to compel arbitration on January 17, 2017, nearly a year after the Employees filed their initial complaint. The Employees' opposition to the motion centered not on the arbitration provision's enforceability, but, rather, on whether Security Forever had, in its delay, waived its right to arbitrate. In analyzing the waiver issue, courts must conduct a two-part inquiry. First, a court must determine "if, 'under the totality of the circumstances,' the party 'has acted inconsistently with the arbitration right,' and, second," a court must then "look to see whether, by doing so, that party 'has in some way prejudiced the other party.'" *Ivax Corp. v. B. Braun of Am., Inc.*, 286 F.3d 1309, 1315–16 (11th Cir. 2002) (quoting *S & H Contractors, Inc. v. A.J. Taft Coal Co.,* 906 F.2d 1507, 1514 (11th Cir.1990)).

While Judge McAliley readily concluded that Security Forever "acted inconsistently with arbitration," she nevertheless found that the Employees had failed to carry their "heavy burden" of establishing that they had been "substantially prejudiced" by Security Forever's litigation-specific conduct. (Rep. & Rec. at 9, 12, 15.) In finding that the Employees had failed to carry their burden, Judge McAliley evaluated a number factors. (*Id.* at 12–15.)

First, while acknowledging that Security Forever's eight-month delay (not including the time during which the case was stayed) in seeking arbitration was indeed considerable, she noted that alone did not establish prejudice. (*Id.* at 13.) Second, Judge McAliley pointed out that the lion's share of the Employees' expenses came from contesting Security Forever's Rule 11 motion and pressing their own motion for sanctions against Security Forever. (*Id.*) In evaluating this factor, Judge McAliley noted, (1) these types of activities and expenditures are not of the ilk that arbitration is designed to avoid. (*Id.*) And, (2) the sanctions hearing was never completed which means that, because of Judge Otazo-Reyes's mid-hearing recusal, such proceedings would, in any

event, need to be restarted from the beginning before Judge McAliley. (*Id.* at 13–14.)

Next, Judge McAliley observed that, based on the unique procedural posture of this case at this juncture, both Judge McAliley and this Court's familiarity with the merits of this case, or rather their lack thereof, puts both in essentially the same position as any arbitrator selected to arbitrate this case would be. (*Id.* at 14.) Lastly, in considering the Employees' discovery expenditures, Judge McAliley found that the Employees had devoted more resources to seeking discovery than to responding to it. (*Id.*) And, since they received discovery they might not have otherwise gotten in arbitration, they therefore suffered no prejudice in that regard. (*Id.* (citing *Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F. Supp. 2d 1248, 1258 (S.D. Fla. 2009) (Altonaga, J.) ("It is . . . hard to understand how the discovery [the plaintiff] received could have prejudiced him.").) Additionally, Judge McAliley observed, Security Forever itself had made relatively minimal use of pre-trial discovery procedures. (Rep. & Rec. at 14–15.)

In conclusion, Judge McAliley noted "by far the majority of Plaintiffs' efforts either benefitted them, or were not the type that arbitration was designed to alleviate." (*Id.* at 15.) Although recognizing that the Employees have "no doubt" "been prejudiced to some degree," Judge McAliley found that, on balance, the Employees had nonetheless failed to carry their heavy burden of establishing substantial prejudice. (*Id.*)

### 3. Standard of Review

"In order to challenge the findings and recommendations of the magistrate judge, a party must file written objections which shall specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis for objection." *Macort v. Prem, Inc.*, 208 F. App'x 781, 783 (11th Cir. 2006) (quoting *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir.1989) (alterations omitted). The objections must also present "supporting legal authority." Local R. 4(b). Once a district court receives "objections meeting the specificity requirement set out above," it must "make a *de novo* determination of those portions of the report to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the magistrate judge." *Macort*, 208 F. App'x at 783–84 (quoting *Heath,* 863 F.2d at 822) (alterations omitted). To the extent a party fails to object to parts of the magistrate judge's report, those portions are reviewed for clear error. *Macort*, 208 F. App'x at 784 (quoting *Johnson v. Zema Sys. Corp.,* 170 F.3d 734, 739 (7th Cir.1999). A court, in its discretion, need

not consider arguments that were not, in the first instance, presented to the magistrate judge. *Williams v. McNeil*, 557 F.3d 1287, 1291 (11th Cir. 2009).

### 4. Analysis

### A. The Employees' Objections

The rambling nature of the Employees' objections renders it difficult to discern the precise contours of their objections to Judge McAliley's report and recommendations. To begin with, the Employees quote at length certain portions of the report but fail to actually specify any objections thereto. These passages are as follows:

> Some courts have found that a party's participation in discovery supports a finding of waiver; *see e.g., Snelling & Snelling, Inc. v. Reynolds*, 140 F. Supp. 2d 1314, 1322 (M.D. Fla. 2001) (defendant substantially participated in litigation where, among other things, he requested document production, served written discovery and responded to plaintiffs' written discovery); while other courts have reached the opposite conclusion; *see Hodgson v. Royal Caribbean Cruises, Ltd.*, 706 F. Supp. 2d 1248, 1257-58 (S.D. Fla. 2009) (defendant did not actively litigate case even though it served discovery on plaintiff and answered plaintiffs' discovery requests). The context of the defendants' other conduct is indispensable to answering this question.

and

> [T]he Court must determine whether the movant's participation in litigation has prejudiced the opposing party. *Ivax*, 286 F.3d at 1315. Here, courts consider the length of delay in demanding arbitration, the expense incurred by the opposing party from participating in litigation, and the use of pre-trial discovery procedures by the party seeking arbitration. *Garcia,* 2013 WL 462713 at *4. To defeat arbitration, the opposing party -- here, Plaintiffs -- must establish both elements of the waiver test. *Id.* at *5-*8 (holding plaintiffs failed to demonstrate defendants waived their right to arbitrate where plaintiffs did not establish requisite prejudice even though defendants litigated case in a manner inconsistent with right to arbitrate). "[B]ecause federal policy strongly favors arbitration, the party who argues waiver bears a heavy burden." *Id.* at *3.

To the extent the Employees intend to lodge objections to the entirety of these excerpts, the Court overrules those objections. Assuming such objections are even validly presented, upon a de novo review, the Court finds each point of law set forth in the excerpts above to be valid and properly stated. The Employees have not provided any support for their contention that Judge

McAliley erred by determining that, in the Eleventh Circuit, a waiver of the right to arbitrate requires a showing of substantial prejudice. The Employees' "belie[f]," without more, that the "Court should follow the line of case law" that apparently stands for the proposition that "participation in litigation and discovery . . . justifies a finding of waiver of arbitration" is unavailing. The Employees fail to cite to a single case that supports their "belief." Judge McAliley's presentation of the standard, on the other hand, is well supported by binding Eleventh Circuit case law.

In their attempt to object to the report's finding that the Employees were not substantially prejudiced by Security Forever's delay in seeking arbitration, the Employees point to a number of factors: (1) the time-consuming evidentiary proceedings held before Judge Otazo-Reyes which prevented the parties from focusing on the merits of the lawsuit; (2) hearings related to motions for protective orders; (3) Security Forever's motions for extensions of time to conduct discovery; (4) an arbitrator's limited authority regarding sanctions; and (5) the statute of limitations on the Employees' claims.

Judge McAliley properly acknowledged and took into account the first three of these factors. She readily appreciated that Security Forever, by its actions, "plainly" evinced its "intent to litigate rather than resolve the case through arbitration." (Rep. & Rec. at 12.) To the extent the Employees have properly set forth their objection to the report, their summary conclusion that Security Forever's participation in litigation alone necessitates a finding of substantial prejudice is, upon a de novo review, without merit.

Next, the Employees claim prejudice based on their fear that an arbitrator will not have the authority to enter sanctions. The legal support the Employees offer on this point does not substantiate their concern. For example, they cite to the United States Supreme Court's decision in *Int'l Union, United Mine Workers of Am. v. Bagwell.* 512 U.S. 821, 832 (1994). However, this opinion never even mentions arbitration, never mind an arbitrator's authority to enter sanctions. The Employees also rely on *Certain Underwriters at Lloyd's London v. Argonaut Ins. Co.* 264 F. Supp. 2d 926, 943 (N.D. Cal. 2003). But in that case, although the court found the particular sanctions entered by the arbitrator to have exceeded his authority, the court also concluded "there is no categorical ban to an arbitrator's imposition of sanctions for non-compliance with his or her orders." *Id.* at 943. Similarly, the court in *Ruggiero v. Richert,* which Employees also cite, concluded that an arbitrator "may issue sanctions for failure to comply with an order." No. 10-23539-CIV, 2011 WL 2910066, at *3 (S.D. Fla. July 18, 2011) (Cooke, J.). Lastly, and perhaps most puzzling, the Employees cite to an Eleventh Circuit case for the proposition that an "arbitrator has discretionary authority to impose additional sanctions

'appropriate to the circumstances of the particular case.'" (Pls.' Objs. at 10 (quoting *United Steelworkers of Am., AFL-CIO-CLC v. USX Corp.*, 966 F.2d 1394, 1396 (11th Cir. 1992)).) In short, the Employees have not, by any stretch, presented authority that demonstrates an arbitrator would decidely *not* have the authority to enter sanctions. However, even if the arbitrator in this case concludes that he is without authority to resolve the particular sanctions issues the Employees are concerned about, the Court can, and will, remedy any deficiencies in that regard by denying those motions without prejudice pending arbitration.

Lastly, the Employees raise concerns involving the statute of limitations in this case. This issue was not raised before Judge McAliley nor was it addressed in her report. Although the Court has discretion to consider this argument, the Court, in this instance declines to do so. *Williams*, 557 F.3d at 1291 (finding "the district court did not abuse its discretion in declining to consider [an] argument that was not presented to the magistrate judge"). The Court also notes, however, that because this case will be stayed—and not dismissed—pending arbitration, the Employees' statute-of-limitations concerns should be nevertheless alleviated.

In sum, Judge McAliley, in recommending that the Court compel the parties to arbitration, noted that whether Security Forever waived its right to arbitrate "presents a close question." (Rep. at 2.) The Court certainly concurs. Nonetheless, having reviewed de novo those parts of the report to which the Employees appear to object and having reviewed the remainder of the report for clear error, the Court adopts Judge McAliley's report and recommendations in total, only adding to it to the extent described below in section B.

As pointed out by Judge McAliley, the Employees' burden in establishing substantial prejudice is indeed heavy. Based on its consideration of the report, the parties' filings, the entirety of the record, and the relevant legal authority, the Court acknowledges that the Employees have certainly been prejudiced. Even so, in light of the unique procedural posture of this case and the somewhat limited nature of the Employees' objections to the report, the Court has lingering doubts about whether the Employees have shouldered their burden in establishing substantial prejudice in this case. Notably, the Employees did not lodge any objections to Judge McAliley's conclusion that "by far the majority of Plaintiffs' efforts either benefitted them, or were not the type that arbitration was designed to alleviate." (Rep. & Rec. at 15.) Considering this and the liberal federal policy favoring arbitration agreements which requires that "any doubts concerning the scope of arbitrable issues . . . be resolved in favor of arbitration," the Court finds Security Forever has not waived its right to arbitrate. *Mitsubishi Motors Corp. v. Soler Chrysler-Plymouth, Inc.*, 473 U.S.

614, 626 (1985) (citations omitted); *see also Hodgson*, 706 F. Supp. 2d at 1258 ("Doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration, whether the problem at hand is . . . an allegation of waiver . . .") (citations omitted). Security Forever's motion to compel arbitration should thus be granted.

### B. Stay Pending Arbitration

Judge McAliley did not opine on whether this case should be stayed pending arbitration or dismissed. In its response to the Employees' objections, Security Forever urges the Court to dismiss, rather than stay, the case. The Employees seem to express reservations about either course of action: if the case is stayed, the Court's decision is not a final appealable order; if the case is dismissed, the Employees may encounter statute-of-limitations problems. The Court, in its discretion, **stays** the case pending arbitration. *Cf. Bender v. A.G. Edwards & Sons, Inc.*, 971 F.2d 698, 699 (11th Cir. 1992) (indicated that even when a stay is not mandatory, "[u]pon finding that a claim is subject to an arbitration agreement, the court should order that the action be stayed pending arbitration."); *see also Lloyd v. HOVENSA, LLC.*, 369 F.3d 263, 270 (3d Cir. 2004) (explaining that staying a case pending arbitration "relieves the party entitled to arbitrate of the burden of continuing to litigate the issue while the arbitration process is on-going, and it entitles that party to proceed immediately to arbitration without the delay that would be occasioned by an appeal of the District Court's order to arbitrate"). Upon the completion of the arbitration, any party may file a motion asking that the case be reopened and request affirmative relief from the Court.

### C. Resolution of Pending Motions

The Employees filed a reply to Security Forever's response to the Employees' objections. Security Forever moves to strike the reply. Because there is no authority that supports the filing of a reply to a response to objections and the Employees have not explained why the reply is necessary in this case, the Court grants Security Forever's motion (ECF No. 230).

Any other pending motions, or portions of pending motions, that relate to the legal merits of this case are denied as moot. On the other hand, to the extent the parties' pending sanctions motions address issues that do not relate to the legal merits of this case, such motions are denied without prejudice. To the extent the arbitrator has the authority to resolve such issues, the parties are ordered to seek redress in that venue.

## 5. Conclusion

The Court **adopts** Judge McAliley's report and recommendation (**ECF 226**), which recommends **granting** Security Forever's motion to compel arbitration (**ECF No. 198**), modifying it only to add that the case is **stayed** pending arbitration. The Court additionally **grants** Security Forever's motion to strike (**ECF No. 230**). The Court directs the Clerk to **administratively close** this case during the pendency of the stay. The Clerk is also directed to **cancel** any previously set hearings. The Employees' two motions for sanctions (**ECF Nos. 166 & 205**) and Security Forever's two motions for sanctions (**ECF Nos. 164 & 194**) are **denied without prejudice**. All other pending motions are **denied as moot**. Upon the completion of the arbitration, any party may file a motion asking the Court to reopen the case and request affirmative relief from the Court.

**Done and ordered**, at Miami, Florida, on July 27, 2017.

Robert N. Scola, Jr.
United States District Judge